# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TERRY JOSHUA STRAUSS,

        Petitioner,                Case No. 18-cv-12790
                                             Hon. Matthew F. Leitman

v.

J.A. TERRIS,

        Respondent.

_____/

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 6)

Petitioner Terry Joshua Strauss is a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"). On September 7, 2018, Strauss filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241 ("Section 2241"). (*See* Pet., ECF No. 1.) Strauss argues that the district court incorrectly calculated his sentencing guidelines. (*See id.*) Respondent filed a motion to dismiss the petition on the ground that Strauss waived his right to challenge his sentence as part of a plea agreement. (*See* Mot., ECF No. 6.) The Court agrees. Therefore, the Court **GRANTS** Respondent's motion and **DISMISSES** the petition.

# I

In 2008, a grand jury in this district indicted Strauss and his co-defendant, Michael Sloan Muller, on three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), and three counts of using, carrying, and brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). (*See* Indictment, *United States v. Strauss*, E.D. Mich. Case No. 08-cr-20009, ECF No. 10.) On December 17, 2018, pursuant to a Rule 11 Plea Agreement, Strauss pleaded guilty to one count of armed bank robbery and one count of using, carrying, and brandishing a firearm during the commission of a crime of violence, and the remaining charges were dismissed. In that plea agreement, Strauss waived his right to challenge both his conviction and his sentence in any post-conviction proceeding:

> Defendant understands that defendants generally have the right collaterally to attack their convictions and sentencing by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily <u>waives</u> that right and agrees not to contest his/her conviction or sentence in <u>any</u> post-conviction proceeding, <u>including – but not limited to</u> – any proceeding under 28 U.S.C. § 2255.

(Rule 11 Plea Agreement, E.D. Mich. Case No. 08-cr-20009, ECF No. 41, PageID.152; first emphasis in original; second and third emphasis added).

Also on December 17, 2018, Muller pleaded guilty pursuant to a Rule 11 Plea Agreement. Muller's plea agreement contained the same provision (quoted

immediately above) concerning his waiver of his right to contest his sentence in "any post-conviction proceeding including – but not limited to – any proceeding under 28 U.S.C. § 2255." (Rule 11 Plea Agreement, E.D. Mich. Case No. 08-cr-20009, ECF No. 40, PageID.134.)

On January 28, 2009, a Judge of this Court sentenced Strauss to 108 months' imprisonment for bank robbery and a consecutive term of 60 months' imprisonment for using, carrying, and brandishing a firearm. (*See* Judgment, E.D. Mich. Case No. 08-cr-20009, ECF No. 43.) The same Judge imposed the same sentence on Muller. (*See* Judgment, E.D. Mich. Case No. 08-cr-20009, ECF No. 42.)

Muller's next moves are relevant to the issues Strauss raises in the petition now before the Court. In September 2012, Muller filed a petition for a writ of habeas corpus under Section 2241 in the Middle District of Pennsylvania.[1] He raised a single ground for relief: the sentencing judge erroneously calculated the sentencing guidelines range. The Pennsylvania district court dismissed the petition because, among other things, under the terms of Muller's plea agreement, Muller waived his right to challenge his sentence in a Section 2241 petition:

> Thus, Petitioner's plea agreement bars any collateral attack on Petitioner's sentence, as the waiver is "not limited to" proceedings under § 2255, but applies to all petitions for *habeas corpus*. This waiver, provided by

---

[1] Muller filed the petition in the United States District Court for the Middle District of Pennsylvania because, at that time, he was incarcerated at a federal facility in that judicial district.

> Petitioner, expressly prohibits Petitioner from filing any collateral proceeding pertaining to his conviction <u>and</u> sentence.

*Muller v. Sauers*, 2012 WL 12895897, at *2 (M.D. Pa. Nov. 29, 2012; emphasis in original).

Muller appealed, and the United States Court of Appeals for the Third Circuit affirmed. *See Muller v. Sauers*, 523 F. App'x 110 (3d Cir. 2013). Like the district court, the Third Circuit concluded, among other things, that the waiver provision of Muller's plea agreement "foreclose[d] relief" under Section 2241. *Id.* at 112-13. The Third Circuit also saw "no indication that the waiver should not be enforced." *Id.* at 112 n. 1.

Three years after the Third Circuit affirmed the dismissal of Muller's Section 2241 petition, Strauss filed a "Motion Pursuant to § 2255(f)(3) in Light of <u>U.S. v. Johnson</u>, 135 S.Ct. 2551 (2015), Retroactivity" in this Court. (See Motion, E.D. Mich. Case No. 08-cr-20009, ECF No. 70.) Another Judge of this Court denied the motion on the basis that Strauss had waived his right to contest his sentence in any post-conviction proceeding. (*See* Opinion and Order, E.D. Mich. Case No. 08-cr-20009, ECF No. 79.) That Judge reviewed the record of Strauss's plea hearing and specifically found that Strauss "knowingly, intelligently, and voluntarily" entered into the waiver. (*Id.*, PageID.388.)

4

Strauss sought to appeal the dismissal of his motion, and the Sixth Circuit declined to grant a certificate of appealability. *See Strauss v. United States*, 2017 WL 6886067 (6th Cir. May 22, 2017). The Sixth Circuit concluded that an appeal was not warranted because "Strauss waived the right to collaterally attack his sentence in his plea agreement," and thus "reasonable jurists would not debate" the decision to dismiss the claims that he presented in his motion. *Id.* at *1.

Two years after losing in the Sixth Circuit, Strauss filed his Section 2241 petition in this action. Strauss now contests his sentence. He claims that it is invalid as a result of a sentencing guidelines calculation error – specifically, the purported failure of the sentencing judge to apply U.S.S.G. Amendment 599. (*See* Pet., ECF No. 1, PageID.4.)

On January 22, 2019, Respondent moved to dismiss the petition on the basis that the waiver in Strauss's plea agreement precludes him from challenging his sentence under Section 2241. (*See* Mot., ECF No. 6.)

On May 1, 2019, Strauss filed a "Traverse" in response to the motion to dismiss. (*See* Traverse, ECF No. 8.) In that filing, Strauss contends that the waiver in his plea agreement does not bar his claim for relief here because the waiver covers only challenges to his "sentence[]," and he is now challenging the legality of his continued unlawful "detention." (*Id.*, PageID.26.)

After reviewing the motion to dismiss and Strauss's Traverse, the Court ordered Respondent to file a supplemental brief concerning the impact of the waiver in Strauss's plea agreement, and the Court offered Strauss the opportunity to file a reply. (*See* Order, ECF No. 9.) Respondent filed his supplemental brief on July 10, 2019. (*See* Respondent's Supp. Br., ECF No. 10.) Strauss did not file a reply.

## II

Strauss may not contest his sentence in the Section 2241 petition now before the Court because, in the words of the Sixth Circuit, he "waived the right to collaterally attack his sentence in his plea agreement." *Strauss,* 2017 WL 6886067, at *1. Indeed, this Court agrees with the Pennsylvania district court and the Third Circuit decisions (in co-defendant Muller's proceedings) that the waiver language in in the plea agreement here bars a sentencing guidelines-based attack on a sentence in a Section 2241 petition.

The waiver provision of Strauss's plea agreement is broad and unequivocal: it waives Strauss's right to "contest his … sentence in *any* post-conviction proceedings, *including – but not limited to –* any proceeding under 28 U.S.C. §2255." (Rule 11 Plea Agreement, E.D. Mich. Case No. 08-cr-20009, ECF No. 41, PageID.152; emphasis added.) Like the Third Circuit in Muller's case, this Court concludes that the broad waiver "forecloses" Strauss from seeking "relief" from his sentence under Section 2241. *Muller*, 523 F. App'x at 112-13.

6

Strauss's only response is that the waiver does not apply because he is challenging the legality of his continued "detention" rather than challenging the legality of his "sentence." (Traverse, ECF No. 8, PageID.26.) That is a distinction without a difference. It is, of course, Strauss's sentence that is responsible for his continued detention. Thus, Strauss's purported challenge to his detention is actually a challenge to his sentence – one that he expressly waived. And, like the other Judge of this Court who dismissed Strauss's prior motion under 28 U.S.C. § 2255 ("Section 2255"), this Court sees no reason not to enforce Strauss's waiver.[2] Accordingly, the Court will dismiss Strauss's petition.[3]

---

[2] The Court notes that in prior proceedings related to co-defendant Muller, two other judicial officers on this Court rejected the precise argument that Strauss makes in his petition – namely, that his sentence violated U.S.S.G. Amendment 599. Muller (whose sentencing guideline offense level calculations were the same as Strauss's) presented that argument in a motion filed in 2011. (*See* Motion, E.D. Mich. Case No. 08-cr-20009, ECF No. 60.) The assigned Magistrate Judge prepared a Report and Recommendation in which he recommended that the district judge deny the motion. (*See* Report and Recommendation, E.D. Mich. Case No. 08-cr-20009, ECF No. 62.) The Magistrate Judge explained both that the motion was procedurally improper and that there was no merit to the claim that Muller's sentencing guidelines calculation ran afoul of U.S.S.G. Amendment 599. (*See id.* at PageID.319-321.) The District Judge adopted the Report and Recommendation. (*See* Order Adopting Report and Recommendation, ECF No. 63.) Strauss has given this Court no reason to doubt the correctness of the prior decisions to reject the same claim that he now presents here.

[3] Dismissal of Strauss's current habeas petition is also appropriate because a habeas petitioner may challenge the legality of his sentence under Section 2241 only where a motion under Section 2255 would be "inadequate or ineffective," 28 U.S.C. § 2255(e), and Strauss has failed to make the required showing of inadequacy. More specifically, he has failed to show that a motion under Section 2255 is inadequate or

## III

Strauss's plea agreement forecloses any collateral attack on his sentence. Therefore, the Court **GRANTS** Respondent's motion to dismiss (ECF No. 6), and it **DISMISSES WITH PREJUDICE** Strauss's petition for a writ of habeas corpus (ECF No. 1).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 9, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

ineffective where, as here, a habeas petitioner has waived his right to bring such a motion. And there is authority for the proposition that a waiver of the right to seek post-conviction relief under Section 2255 does not necessarily render a motion under that provision inadequate or ineffective. *See, e.g., Rivera v. Warden*, 27 F. App'x 511, 515 (6th Cir. 2001); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Mabry v. Warden*, 639 F. App'x 134, 136 (3d Cir. 2016).